IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON


JEFFREY ALAN HUDSON,

                Petitioner,

v.                                    Civil Action No. 2:10-00106
                                    (Criminal No. 2:03-00242-01)

E.K. CAULEY, Warden,
FCI Ashland,


                Respondent.


MEMORANDUM OPINION AND ORDER

        Pending is Jeffrey Alan Hudson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed December 11, 2009, in the Eastern District of Kentucky.  The petition was later transferred to this court for disposition.


I.


        On December 23, 2003, Hudson pled guilty before the undersigned to Counts One and Four of the four-count indictment. Count One alleged a conspiracy to manufacture and distribute five or more grams of methamphetamine in violation of 21 U.S.C. § 846. Count Four alleged that Hudson possessed a firearm in furtherance

of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  On April 9, 2004, the court imposed a sentence of 211 months imprisonment, consisting of 151 months as to Count One and a mandatory consecutive term of 60 months as to Count Four.[1] Hudson did not appeal the Judgment.  His conviction thus became final in April 2004.  He has not previously sought relief pursuant to 28 U.S.C. § 2255.

As noted, on December 11, 2009, Hudson sought relief pursuant to section 2241 in the Eastern District of Kentucky, his place of incarceration.  He seeks the vacatur of his conviction and sentence based solely upon the decision in Watson v. United States, 552 U.S. 74 (2007).  On February 2, 2010, the petition was transferred to this district.

On February 10, 2010, the United States Magistrate Judge in this district entered an order to show cause directing the respondent, E.K. Cauley, the Warden at petitioner's Federal Correctional Institution, to answer the petition and address why the requested writ should not be granted.  On February 27, 2010, counsel appeared for Hudson.  On March 16, 2010, the court received Warden Cauley's response.  On April 15, 2010, Hudson replied.

---

[1]According to the Bureau of Prisons, petitioner's projected release date is April 5, 2019.

2

II.

A.   Jurisdiction

The petition gives rise to two jurisdictional matters.
First, the court must address whether Hudson may seek relief
under section 2241 as opposed to section 2255.  As noted recently
by our court of appeals, "it is well established that defendants
convicted in federal court are obliged to seek habeas relief from
their convictions and sentences through § 2255." <u>Rice v. Rivera</u>,
617 F.3d 802, 807 (4th Cir. 2010).  An exception exists, however,
when section "2255 proves inadequate or ineffective to test the
legality of [an inmate's] detention . . . ."  <u>In re Vial</u>, 115
F.3d 1192, 1194 (4th Cir. 1997) (en banc) (alteration and
internal quotation marks omitted); <u>United States v. Poole</u>, 531
F.3d 263, 270 (4th Cir. 2008) ("Habeas petitions are usually
filed under § 2255 in the court that imposed the prisoner's
sentence.  When § 2255 'appears . . . inadequate or ineffective
to test the legality of his detention' . . . however, a federal
prisoner may seek habeas relief from the court in the district of
his confinement under § 2241.").

In order to qualify for the exception, and the use of
section 2241 instead of section 2255, the following conditions

3

are attached:

> "(1) at the time of conviction, settled law of this
> circuit or the Supreme Court established the legality
> of the conviction; (2) subsequent to the prisoner's
> direct appeal and first § 2255 motion, the substantive
> law changed such that the conduct of which the prisoner
> was convicted is deemed not to be criminal; and (3) the
> prisoner cannot satisfy the gatekeeping provisions of §
> 2255 because the new rule is not one of constitutional
> law."

Rice, 617 F.3d at 807 (quoting In re Jones, 226 F.3d 328, 333-34

(4th Cir. 2000).  The court of appeals in Rice additionally

observed as follows:

> [U]nder the Jones rule a federal prisoner is entitled
> to pursue a § 2241 motion only when he had no
> opportunity to utilize a § 2255 motion to take
> advantage of a change in the applicable law.  If,
> conversely, the prisoner had an unobstructed procedural
> shot at filing a § 2255 motion to take advantage of
> such a change, a § 2241 motion is unavailable to him,
> and any otherwise unauthorized habeas motion must be
> dismissed for lack of jurisdiction.

Id. at 807.

        As noted, Hudson's conviction became final in April

2004.  At that time, our court of appeals had previously

suggested in multiple cases that the narrower, 924(c) "use" prong

was satisfied when a gun was received in trade for drugs.  See

Watson, 552 U.S. at 78 n.5 (commenting on pre-Watson 924(c) case

law in this circuit).  Hudson's conviction was thus perfectly

legal in April 2004.  After expiration of the time for taking

4

either a direct appeal or filing a section 2255 motion, however, Watson was decided.  Hudson alleges that Watson changed the substantive law governing his conviction such that the conduct he engaged in did not constitute a criminal offense.  It is also clear that the decision in Watson did not amount to a new rule of constitutional law.  The decision instead recast the proper interpretation of the section 924(c)(1)(A) "use" prong.

Hudson thus satisfies the three prerequisites necessary for using section 2241 to attack his conviction and sentence instead of section 2255.  In sum, he had no opportunity to use a section 2255 motion to take advantage of what he asserts is a change in the applicable law.  Inasmuch as section 2255 is thus inadequate and ineffective to test the legality of Hudson's conviction and sentence, he may use section 2241 for that purpose.

The second jurisdictional question relates to the court's ability to adjudicate this matter under section 2241 inasmuch as Warden Cauley is resident in the Eastern District of Kentucky.  Section 2241 provides, in pertinent part, as follows: "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a) (emphasis

5

added).  The underscored language has led courts to conclude that "[t]he rule governing jurisdiction [under section 2241] naturally follows from the 'immediate custodian rule': a district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian." Poole, 531 F.3d at 271 (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973)); Larry W. Yackle, Postconviction Remedies § 4:12 (Elec. ed. 2010) (stating that "jurisdiction under section 2241 lies not only in the district where the petitioner is physically located, but also in the district where 'a custodian responsible for the confinement is present.'") (quoted authority omitted); Brian R. Means, Federal Habeas Manual § 1:101 (Elec ed. 2010) ("A § 2241 habeas petitioner seeking to challenge his present physical custody within the United States must file the petition in the district of confinement.").

Nevertheless, appellate decisions indicate that a court's power over a custodian under section 2241 raises jurisdictional issues of the personal, and not subject matter, variety.  Cast as such, waiver principles apply.  See Mathena v. United States, 577 F.3d 943, 946 n.3 (8th Cir. 2009); Smith v. Idaho, 392 F.3d 350, 356 (9th Cir. 2004); Moore v. Olson, 368 F.3d 757, 759 (7th Cir. 2004) (in the context of a habeas

6

petition under 28 U.S.C. § 2241, stating that "[d]efendants are entitled to waive any shortcomings in venue or jurisdiction over the person; these issues also may be forfeited by failure to present them at the proper time."); Simon v. United States, 359 F.3d 139, 143 n. 9 (2d Cir. 2004) (in the context of a § 2241 petition, stating that the government had waived any defects in personal jurisdiction); Crawford v. Jackson, 323 F.3d 123, 125-26 (D.C. Cir. 2003) (in the context of a § 2241 petition, holding that the United States had waived the district court's original lack of personal jurisdiction over the petition).

It is noteworthy that on the most recent occasion where it considered the immediate-custodian rule in a habeas setting two Justices, Kennedy and former Justice O'Connor, subscribed to the view that waiver principles apply. See Rumsfeld v. Padilla, 542 U.S. 426 (2004) (Kennedy, J., concurring) ("Because the immediate- custodian and territorial-jurisdiction rules are like personal jurisdiction or venue rules, objections to the filing of petitions based on those grounds can be waived by the Government."); see also Brian R. Means, Federal Habeas Manual § 1:99 (Elec ed. 2010) ("Personal jurisdiction can be waived. Because the custodian is the government's agent -- and the government is therefore the custodian's principal -- the

7

government may waive the lack of personal jurisdiction on the custodian's behalf."); 16A <u>Federal Procedure</u> § 41:70 (Elec. ed. 2010) ("The location of the district court in which a prisoner brings a petition for habeas corpus is a matter of venue, subject to waiver and forfeiture, rather than subject-matter jurisdiction.  The defendants to a habeas petition are entitled to waive any shortcomings in venue or jurisdiction over the person, and those issues also may be forfeited by failure to present them at the proper time.").

       While not explicitly resolving the matter, our court of appeals appears to subscribe to the view that the immediate-custodian rule does not implicate the court's subject-matter jurisdiction:

> As the Supreme Court has explained, . . . [section 2241] requires "nothing more than that the court issuing the writ have jurisdiction over the custodian." Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he <u>should</u> <u>name</u> his warden . . . <u>and</u> <u>file</u> the petition in the district of confinement." At the time Little refiled his § 2241 petition, he was confined in a federal medical center in Texas. Accordingly, the district court <u>was not the proper</u> <u>venue</u> for Little's § 2241 petition, and we must dismiss Little's § 2241 petition without prejudice for him to refile, if he so desires, in the proper United States District Court.

<u>United States v. Little</u>, 392 F.3d 671, 680 (4th Cir. 2004) (emphasis added).

8

As noted, on February 10, 2010, the magistrate judge directed Warden Cauley to "file an Answer to the allegations contained in Petitioner's section 2241 petition and to show cause, if any, why the writ of habeas corpus sought by Petitioner should not be granted."  (Ord. to Show Cause at 1).  The only filing received to date from Warden Cauley in this action is his March 16, 2010, response brief.  With the exception of the following excerpt, the entire brief is devoted solely to the substantive question respecting whether Watson warrants the relief requested by Hudson:

> The United States does not concede that defendant's petition is procedurally valid. In particular, the United States does not concede that defendant had no obligation to raise his argument on direct appeal or in the year after Watson was decided. But these procedural questions need not be briefed or decided because defendant's petition lacks any substantive basis.

(Resp. at 7 n.3).  This brief reservation of rights cannot be construed as either a venue or personal jurisdiction challenge. Had Warden Cauley raised either point, the court would have transferred the case back to the Eastern District of Kentucky. Having not been timely raised, however, the court deems the defenses waived and the exercise of personal jurisdiction over Warden Cauley appropriate under the circumstances.

B.   Entitlement to Relief

        Section 924(c)(1)(A), both at the time of Hudson's
conviction and presently, provides materially as follows:

> [A]ny person who, during and in relation to any . . .
> drug trafficking crime . . . for which the person may
> be prosecuted in a court of the United States, uses or
> carries a firearm [hereinafter the "use" prong], or
> who, in furtherance of any such crime, possesses a
> firearm [hereinafter the "possession" prong], shall . .
> . [be guilty of an offense against the United States].

18 U.S.C. § 924(c)(1)(A).  In Watson, the Supreme Court

considered whether a person who trades his controlled substances

for a gun "uses" the bartered-for firearm "during and in relation

to ... [a] drug trafficking crime" within the meaning of 18

U.S.C. § 924(c)(1)(A).  In holding that such conduct does not

amount to a prohibited use under the statute, the Supreme Court

observed, inter alia, as follows:

> The Government may say that a person "uses" a firearm
> simply by receiving it in a barter transaction, but no
> one else would. A boy who trades an apple to get a
> granola bar is sensibly said to use the apple, but one
> would never guess which way this commerce actually
> flowed from hearing that the boy used the granola. . .
> . So, when Watson handed over the drugs for the pistol,
> the informant or the agent "used" the pistol to get the
> drugs . . . but regular speech would not say that
> Watson himself used the pistol in the trade. "A seller
> does not 'use' a buyer's consideration," . . . .

Watson, 552 U.S. at 79 (citations and footnote omitted).  This

analysis resulted in the conclusion "that a person does not 'use'

a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." Id. at 83.

Hudson summarizes the underlying factual basis for his section 924(c)(1)(A) plea as follows: "I exchanged methamphetamine for a firearm." (Pet. at 3). Based upon that summary, he asserts his conviction as to Count Four cannot stand in light of Watson, asserting that the decision makes "clear that receipt of a firearm in exchange for drugs does not constitute a violation of 18 USC 924(c)." (Pet.'s Memo. in Supp. at 8; see also id. at 9-10 ("Had Watson been decided at the time of . . . Hudson's guilty plea, the court of conviction would not have accepted his plea for an offense that is nonexistent, and/or the Fourth Circuit Court of Appeals would not have sustained his plea as knowing and voluntary. Moreover, had Mr. Hudson known that he could not be found guilty of §924(c), based on the receipt of firearms in exchange for drugs, he would have never pled guilty.")).

As Warden Cauley points out, however, the factual circumstances in this case are not coextensive with those in Watson. The movant in Watson was convicted under the "use" prong of section 924(c)(1)(A). Hudson violated that same statute but was alleged in the indictment to have instead violated the

11

"possession" prong.  (Indict. at 4 (stating Hudson "possess[ed] a

firearm . . . in furtherance of a drug trafficking crime . . .

.")).  Warden Cauley asserts that this is a distinction with a

difference.

        Warden Cauley is correct.  In a decision rendered just

days ago by our court of appeals, the following rule and analysis

appears:

        By holding that § 924(c)'s possession prong covers
        drugs-for-firearms trades, we align ourselves with a
        growing and consistent body of post-Watson precedent.
        Though Watson itself refrained from deciding the issue,
        every circuit court to have reached the question has
        agreed that such trades constitute possession in
        furtherance.

        The striking uniformity here is no surprise, as
        this interpretation flows naturally from § 924(c)'s
        text. Those who trade drugs for firearms necessarily
        "possess" those weapons, as every successful trade of
        this type results in a drug dealer acquiring, at least
        temporarily, a firearm.  Such trades are also clearly
        "in furtherance of" drug trafficking crimes. Firearm
        possession occurs "in furtherance of" drug trafficking
        where it "further[s], advance[s], or help[s] forward"
        the offense. Trading drugs for guns does just that. If
        drug dealers refused to do drug-for-firearm swaps some
        trafficking crimes, likely including some of those
        between Robinson and the burglars, would never occur.
        Trading drugs for firearms also furthers the underlying
        crime even where dealers and purchasers would be happy
        to use cash instead. Coming into possession during such
        trades completes (and thus necessarily furthers) each
        particular drug-for-firearm trafficking offense.
        [Robinson's] . . . conduct falls squarely within §
        924(c)'s possession prong . . . .

United States v. Robinson, No. 09-4276, slip op. at 21-22, ---

                                    12

F.3d ---, --- (4th Cir. Dec. 1, 2010).  The decision in <u>Robinson</u>
is in accord with the circuit courts of appeal that have
addressed the question in recent years.  <u>See</u>, <u>e.g.</u>, <u>United States
v. Gurka</u>, 605 F.3d 40, 45 (1st Cir. 2010) ("Our holding as to the
possession of a firearm in furtherance of a drug crime prong is
consistent with the six circuits to have reached this issue, both
before and after <u>Watson</u>.").  One of those six decisions was
rendered pre-<u>Watson</u> by the United States Court of Appeals for the
Sixth Circuit, which includes within its  geographic jurisdiction
the place of Hudson's incarceration. <u>United States v. Frederick</u>,
406 F.3d 754, 764 (6th Cir. 2005) ("Here, however, we conclude
that acquisition of a firearm in exchange for drugs is a
sufficient 'specific nexus' between the drugs and the guns to
constitute possession 'in furtherance of' the drug sale.").

        The decision in <u>Robinson</u> controls, and extinguishes,
Hudson's <u>Watson</u> claim.  The court, accordingly, ORDERS that the
section 2241 petition be, and it hereby is, denied.  It is
further ORDERED that this action be, and it hereby is, dismissed
and stricken from the docket.

13

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: December 9, 2010

John T. Copenhaver, Jr.
United States District Judge

14